## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**OTHART DAIRY FARMS, LLC,**
**PAREO FARM, INC., PAREO FARM II, INC.,**
**DESERTLAND DAIRY, LLC,**
**DEL ORO DAIRY, LLC,**
**BRIGHT STAR DAIRY, LLC, and**
**SUNSET DAIRY, LLC,**

        **Plaintiffs,**

**v.**                                                                      **No. 22-cv-0251 MIS/SMV**

**DAIRY FARMERS OF AMERICA, INC.,**
**SELECT MILK PRODUCERS, INC., and**
**GREATER SOUTHWEST AGENCY,**

        **Defendants.**

### <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before me on (1) a Motion to Stay Discovery by Defendants Dairy Farmers of America, Inc. ("DFA"), Select Milk Producers, Inc. ("Select"), and the Greater Southwest Agency ("GSA") (collectively "Defendants") [Doc. 39],[1] (2) Plaintiffs' opposed Motion for Leave to File a Surreply [Doc. 46],[2] and (3) Plaintiffs' Unopposed Motion to Appoint Interim Co-Lead Counsel [Doc. 36]. Defendants move to stay discovery pending the resolution of Defendants' joint Motion to Dismiss Plaintiffs' Complaint (the "Motion to Dismiss"). *See* [Doc. 38]. I find that no oral argument is necessary to decide the present motions. *See* Fed. R. Civ. P. 78. Having considered the briefing, record, and relevant law, I will deny Plaintiffs' Motion for

---

[1] Plaintiffs filed a response to Defendants' Motion for Stay of Discovery ("Response") [Doc. 42], and Defendants filed a reply ("Reply") [Doc. 43].
[2] Defendants filed a response to the Motion for Leave to File a Surreply [Doc. 49].

Leave to File Surreply, grant Defendants' Motion to Stay Discovery and deny without prejudice Plaintiffs' Motion to Appoint Interim Lead Counsel.

## BACKGROUND

Plaintiffs filed their Complaint on April 4, 2022. [Doc. 1]. The Complaint alleges that DFA, Select, and unnamed co-conspirators[3] conspired to fix prices of raw Grade A milk in the Southwest region in violation of section 1 of the Sherman Act, 15 U.S.C. § 1. *See* [Doc. 1] at 12, 73–75. The seven Plaintiffs bring their claims on behalf of themselves individually and on behalf of a plaintiff class consisting of all dairy farmers who produced and sold milk to Defendants within DFA's Southwest Area region any time from at least January 1, 2015, until the present. *Id*. at 4. The Court has not yet held a scheduling conference or entered a scheduling order.

Defendants have moved to dismiss Plaintiffs' Complaint. [Doc. 38].[4] In short, Defendants argue that Plaintiffs' claim is time-barred, that there is no factual basis to support equitable tolling, and that, even if the Complaint is not time-barred, Plaintiffs have failed to allege facts necessary to state an antitrust claim against them. *Id*. Defendants argue that, consequently, the single-count Complaint should be dismissed in its entirety. *Id*. at 28. Defendants also maintain that Plaintiffs' claim against GSA must be dismissed because Plaintiffs failed to allege any facts tying GSA to the alleged antitrust violation. [Doc. 38] at 23–24.

In opposition to the Motion to Dismiss, Plaintiffs argue that "[t]he continuing nature of the conspiracy renders Plaintiffs' claims timely" and that, alternatively, the statute of limitations was tolled because Defendants concealed their conduct. [Doc. 45] at 25–26. Plaintiffs also argue that

---

[3] The Complaint lists five people or entities as alleged "co-conspirators" and alleges that others not listed also may have been co-conspirators. [Doc. 1] at 12.

[4] Plaintiffs filed a response to the Motion to Dismiss [Doc. 45], and Defendants filed a reply [Doc. 47].

they have adequately stated an antitrust claim by alleging "parallel conduct" along with "plus factors" that imply a conspiracy and ask the Court to deny the Motion to Dismiss or grant them leave to amend the Complaint. *Id*. at 9, 29. Briefing on the Motion to Dismiss was complete on July 14, 2022. *See* [Doc. 48].

In the Motion to Stay, Defendants argue that they "should not be subjected to the extraordinary expense that discovery necessarily requires" until the Motion to Dismiss is decided. *Id*. at 2. Defendants maintain discovery in this antitrust case will be particularly burdensome because Plaintiffs' allegations pertain to conduct beginning "at least as early as January 1, 2015" by Defendants, the "officers, agents, employees, and/or representatives" of at least five alleged co-conspirators who are not named as defendants, and third parties such as Defendants' accountants. [Doc. 1] at 12-14, 73–75; [Doc. 43] at 4. Defendants argue that Plaintiffs will not be prejudiced by a stay because discovery is not necessary for Plaintiff to respond to the Motion to Dismiss, and that a stay will not harm Plaintiffs because Defendants have imposed a "litigation hold" on the relevant electronically stored information ("ESI") and documents in their possession, control, or custody, which adequately protects against the loss of evidence while a stay is in place. [Doc. 43] at 1, 5–7.

Plaintiffs do not oppose a stay of "full-blown" discovery. [Doc. 42]. However, they argue a stay of all discovery is unwarranted because Defendants have not shown with specificity that discovery in this case will be particularly expensive and burdensome, *id*. at 11, and that, if I impose a complete stay, they will be prejudiced because there is a "serious risk" of loss of ESI. *Id*. at 10. Instead of a complete stay, Plaintiffs ask me to require the parties to complete "threshold discovery tasks," such as (1) a Rule 26(f) conference and Rule 26(f) report; (2) initial disclosures under

Rule 26(a); (3) disclosure of information about ESI, organizational charts, and employees; (4) negotiation of an ESI protocol and protective order; and (5) identification of document custodians. [Doc. 42] at 3–4. I will refer to these tasks as "Threshold Tasks." Plaintiffs maintain that the Threshold Tasks "fall well short of full document discovery[,]. . . are not unduly burdensome, . . . [and] will facilitate full discovery if the motion to dismiss is denied." *Id*. at 3–4.

In their Motion for Leave to File Surreply, Plaintiffs argue that Defendants stated for the first time in the Reply that they are not "collecting" records and data, and that Plaintiffs should be permitted to file a surreply arguing that they will be prejudiced by that failure if discovery is stayed. [Doc. 46] at 1–2. Defendants contend that a surreply is inappropriate because they did not make any new arguments in the Reply. [Doc. 49] at 2.

Finally, Plaintiffs request that I appoint interim counsel to "allow counsel to coordinate discovery, depositions, and motion practice, employ experts, meet deadlines, and otherwise efficiently prosecute this litigation." [Doc. 37] at 2. Plaintiffs seek appointment of Lockridge Grindal Nauen, P.L.L.P., and Hagens Berman Sobol Shapiro, LLP, as Interim Co-Lead Class Counsel, and Peifer, Hanson, Mullins & Baker, P.A., as Interim Liaison Counsel for the proposed class. *Id*.

## LEGAL STANDARD

### I.  Leave to File a Surreply

The filing of a surreply requires leave of the court. D.N.M.LR-Civ. 7.4(b). "Generally, a motion for leave to file a surreply is disfavored, and a court will grant such a motion only in the event that new information is raised in a . . . reply brief, or some other exceptional circumstance compels the filing of a surreply." *Smith v. Dominguez*, No. 03-cv-0465 JP/ACT, 2004

WL 7337810, at *3 (D.N.M. Aug. 20, 2004); *see Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) ("When a moving party advances in a reply new reasons and evidence in support of its motion . . . the nonmoving party should be granted an opportunity to respond.").

## II. Discovery Stays

A court may stay discovery as part of its inherent power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In addition, courts may impose a stay of discovery pursuant to Fed. R. Civ. P. 26(c)(1) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See, e.g.*, *Clark v. Dashner*, No. 14-cv-0965 KG/KK, 2015 WL 11181342, at *1 (D.N.M. Feb. 13, 2015). The party seeking a stay bears the burden of establishing the need for it. *Clinton,* 520 U.S. at 708.

In deciding whether to stay discovery, courts "must exercise sound judgment and "weigh competing interests." *Cabrera v. Bd. of Educ. of Albuquerque Pub. Sch.*, No. CV 20-532 KWR/KK, 2021 WL 131460, at *1 (D.N.M. Jan. 14, 2021) (quoting *De Baca v. United States,* 403 F. Supp. 3d 1098, 1111 (D.N.M. 2019)). In doing so, courts weigh the burden of discovery against the interest in proceeding expeditiously and the potential prejudice caused by the stay, as well as the interests of the court, the public, and third parties. *Cabrera*, 2021 WL 131460, at *1. Courts may also consider "whether there are pending motions that would dispose of the case and whether such motions appear meritorious or raise substantial concerns regarding the viability of the plaintiff's claims," *Clark*, 2015 WL 11181342, at *1, as well as the impact of a decision on a pending motion on the scope of discovery. *See* Manual for Complex Litigation, Fourth, § 30 ("Merits discovery [in antitrust cases] should be stayed only to the extent that the outcome of a

motion will significantly affect the scope of that discovery."). The party opposing a stay may demonstrate prejudice by showing that it needs certain discovery to respond to dispositive motions or that discovery may be lost during the pendency of the stay. *Clark*, 2015 WL 11181342, at *1.

**III. Appointment of Interim Counsel**

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Such appointment is warranted where there are multiple overlapping cases, "rivalry [amongst counsel,] or uncertainty that makes formal designation of interim counsel appropriate.'" *Hilton v. Atlas Roofing Corp. of Mississippi*, No. CV 05-4204, 2006 WL 8456800, at *1 (E.D. La. Oct. 2, 2006) (unreported) (quoting Fed. R. Civ. P. 23 advisory committee's notes to 2003 amendment). However, "where the lawyer[s] who filed the complaint [are] likely to be the only lawyer[s] seeking appointment, the appointment of interim counsel is not appropriate." *Hilton* 2006 WL 8456800, at *1.

**ANALYSIS**

**I.  Plaintiffs' Motion for Leave to File a Surreply**

In their Response, Plaintiffs argued that evidence, particularly ESI, will be lost during the pendency of a stay, and that Defendants had refused Plaintiffs' requests to begin discovery planning and negotiations. [Doc. 42] at 10. Plaintiffs did not address whether Defendants' assurances that they are preserving evidence reduced the risk of evidence loss, except to assert that it was not clear whether certain evidence was in Defendants' possession, custody, or control. *Id*. In the Reply, Defendants argued that their litigation holds are sufficient to prevent the loss of evidence while a stay is in effect. [Doc. 43] at 7. Yet Plaintiffs seize on Defendants' statement in

the Reply that they are not "collecting" evidence to argue that Defendants "raise for the first time a new factual argument that directly contradicts their previous representations" that they have imposed a litigation hold. [Doc. 46] at 1. Consequently, they argue, they should be permitted to file a surreply. *Id*.

I disagree. I see no contradiction between Defendants' statement that they are taking reasonable measures to preserve relevant evidence and the statement that they are not "collecting" such evidence. As Defendants point out, collecting evidence in preparation for discovery is precisely what they seek to stay until the Motion to Dismiss is decided. [Doc. 49] at 3. Moreover, Plaintiffs were aware when they filed the Response of Defendants' assertions regarding litigation holds but did not argue that the litigation holds are inadequate to mitigate prejudice to them. I find that the Reply did not raise a new argument and will deny Plaintiffs' Motion for Leave to File Surreply.

## II. Defendants' Motion for a Stay of Discovery

Since Plaintiffs do not oppose a stay of discovery involving requests for production, written interrogatories, or depositions, the present question is whether both the Threshold Tasks and discovery should be stayed. I find that they should because the burden of discovery on Defendants is substantial, the prejudice to Plaintiffs is minimal, and the interests of the Court, the public, and third parties are served by a stay.

The potential burden on Defendants of discovery is gleaned from the allegations in the Complaint, which encompass multiple named and unnamed parties and span nearly eight years. Plaintiffs allege that "there are at least hundreds of [c]lass members geographically dispersed across several states throughout the Southwestern United States" who "were artificially underpaid

by Defendants for their raw Grade A milk." [Doc. 1] at 67, 70. Plaintiffs further allege that Defendants, together with the "officers, agents, employees, and/or representatives" of at least five alleged co-conspirators, violated the Sherman Act beginning "at least as early as January 1, 2015," and stated in correspondence with Defendants that they may "seek discovery further back than January 1, 2012." [Doc. 1] at 12–14, 73–75; [Doc. 43] at 4. In the same correspondence, Plaintiffs requested that Defendants confirm that they have imposed a litigation hold on the data on the cell phones, personal computers, and similar devices used by at least six senior executives, indicating that a significant amount of ESI is at issue. [Doc. 43-1] at 5–6. In addition, Plaintiffs' Response indicates that that they will seek discovery from Defendants' accountants. [Doc. 42] at 10. In short, even the initial disclosures required under Rule 26(a) and the requirements of Rule 26(f) would involve the ESI and paper records of at least eight different entities, as well as records of potentially hundreds of class members, going back at least seven years.

On the other hand, the potential prejudice to Plaintiffs is minimal. Clearly, Plaintiffs have an interest in proceeding expeditiously with their claim. *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1240 (N.D. Okla. 2003). However, considering the time it will take to conduct discovery and litigate this matter, the delay in discovery pending decision on the Motion to Dismiss "will work only a comparatively small amount of harm to" the progress of this case. *In re Broiler Chicken Grower Litig.*, No. 6:17-CV-00033-RJS, 2017 WL 3841912, at *4 (E.D. Okla. Sept. 1, 2017) (unreported).

In addition, I find that Defendants' litigation holds alleviate the risk of loss of evidence. *See New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, No. CV 12-526 MV/GBW, 2013 WL 12304061, at *1 (D.N.M. July 11, 2013) (holding that

concerns about data loss were "allayed by the litigation hold [the d]efendants'" imposed on their records). "[L]litigants are under a duty to preserve evidence when they know, or should know, that it may be relevant to future litigation." *Schmidt v. Shifflett*, No. CV 18-0663 KBM/LF, 2019 WL 5550067, at *1 (D.N.M. Oct. 28, 2019). Under that duty, a party must take reasonable steps to preserve evidence, including suspending "its routine document retention/destruction policy" to preserve "both tangible evidence and electronic data." *Id.* (quoting *Browder v. City of Albuquerque*, No. CIV 13-0599 RB/KBM, 187 F.Supp.3d 1288, 1295 (D.N.M. May 9, 2016)); *see* Fed. R. Civ. P. 37 advisory committee's note to 2006 amendment (stating, "[w]hen a party is under a duty to preserve information . . . , intervention in the routine operation of an information system is one aspect of what is often called a 'litigation hold'")

Because Plaintiffs specifically requested that Defendants preserve ESI from "mobile devices, personal computers, and other similar electronic sources" of Defendants' senior executives, Defendants are on notice that Plaintiffs intend to seek such evidence. *See, e.g.*, [Doc. 43-1] at 5, 8. Indeed, Defendants responded to Plaintiffs' request by stating that they are "aware of [their] obligations regarding preservation of information that is potentially relevant to this litigation" and have "taken reasonable steps to preserve potentially relevant information in [their] possession, custody and control." *See, e.g.*, [Doc. 43-1] at 11, 14.

If, down the road, it appears that Defendants' efforts to preserve relevant information were not reasonable or in good faith, Plaintiffs may seek recourse under Rule 37(e); *see* Fed. R. Civ. P. 37 advisory committee's note to 2006 amendment ("The good faith requirement of Rule 37(f) means that a party is not permitted to exploit the routine operation of an information system to

thwart discovery obligations by allowing that operation to continue in order to destroy specific stored information that it is required to preserve.").

Finally, Plaintiffs argue that they will be prejudiced by a stay because Defendants' accountants "typically" have document destruction policies under which relevant evidence may be destroyed unless the Court permits a subpoena "requiring preservation and/or production" of documents. [Doc. 42] at 10.

Plaintiffs do not state what information they will seek from Defendants' accountants, nor do they provide evidence showing that Defendants' accountants' policies have or will require destruction of relevant evidence. *See Reynolds v. Geico Corp.*, No. 2:16-CV-01940-SU, 2017 WL 815238, at *4 (D. Or. Mar. 1, 2017) (holding that the plaintiff had not shown that evidence would be lost during a stay because he did not "provide[] any specific argument or evidence" supporting his argument); *Mix v. Ocwen Loan Servicing, LLC*, No. C17-0699JLR, 2017 WL 5549795, at *8 (W.D. Wash. Nov. 17, 2017) (noting that the plaintiff had provided "specific information regarding the potential destruction of cell phone records"). Unsupported allegations that evidence may be lost are insufficient to demonstrate that Plaintiffs will be harmed unless subpoenas are issued to Defendants' accountants before the Motion to Dismiss is decided. Moreover, the duty to place a litigation hold on relevant and discoverable evidence extends to evidence within Defendants' control, which includes ESI or documents held by Defendants' accountants. Defendants represent that they have instituted a litigation hold, which I take to mean that they have instructed every person or entity within their control, including their accountants, to preserve potentially discoverable evidence. That is sufficient to protect Plaintiffs' interests while the Motion to Dismiss is pending.

Finally, the Court, the public, and third parties have an interest in the "just, speedy, and inexpensive" resolution of this antitrust case. Fed. R. Civ. P. 1. These interests are served by a stay because the outcome of the Motion to Dismiss will likely have a significant impact on the scope of discovery and the progress of the case. For instance, if the Motion to Dismiss is granted for failure to state a claim, all discovery efforts will be rendered pointless because there are no other claims for which discovery will continue. *See In re Broiler Chicken Grower Litig.*, No. 6:17-CV-00033-RJS, 2017 WL 3841912, at \*3 (E.D. Okla. Sept. 1, 2017) (stating that if the defendants "seek dismissal of all claims against all or some of the [d]efendants, then subjecting those [d]efendants to discovery they might otherwise wholly avoid seems less inviting'); *cf. SOLIDFX, LLC v. Jeppesen Sanderson, Inc*., No. 11-CV-01468-WJM-BNB, 2011 WL 4018207, at \*3 (D. Colo. Sept. 8, 2011) (holding that a stay of discovery as to an antitrust claim was not necessary in part because discovery would continue as to the plaintiff's other claims). Moreover, if the Complaint is dismissed because it is time-barred, amendment of the Complaint will be futile, rendering any discovery efforts moot. Even if Plaintiffs are granted leave to amend the Complaint, amendment could alter the scope of discovery. Finally, if the presiding judge grants the Motion to Dismiss only in part, such a ruling could substantially narrow the scope of all discovery-related tasks. Of course, as Plaintiffs point out, the Motion to Dismiss might be denied in full. [Doc. 42] at 3. Nevertheless, each outcome short of a denial in full is likely to modify the scope of discovery substantially.

Considering these possibilities, I find that the interests of the Court, the public, and third parties are served by a stay of discovery, including the Threshold Tasks. *See Nardo v. Homeadvisor, Inc*., No. 21-CV-01709-RM-KLM, 2022 WL 1198995, at \*4 (D. Colo.

Jan. 4, 2022) (finding that "[a]voiding wasteful efforts and resources by the Court clearly serves" the public's interest in efficient and just resolution" of the case." (quoting *Woodstock v. Golder*, No. 10-cv-00348-ZLW-KLM, 2011 WL 166684, at *2 (D. Colo. Jan. 19, 2011)).

### III. Plaintiffs' Motion to Appoint Interim Lead Counsel

It is premature to appoint interim lead counsel, as there are "no known overlapping, duplicative, or competing suits . . . [and] no lawyers competing for class counsel appointment at this time." *Lyons v. CoxCom, Inc.*, No. 08-CV-02047-H(CAB), 2009 WL 6607949, at *2 (S.D. Cal. July 6, 2009) (denying without prejudice a motion to appoint interim class counsel); *see Womack v. Nissan N. Am., Inc.*, No. 2:06-CV-479-DF, 2007 WL 9724942, at *2–3 (E.D. Tex. Sept. 18, 2007) (denying a motion to appoint interim counsel where the case at issue was the only one alleging certain claims in the district). I will, therefore, deny without prejudice Plaintiffs' Motion to Appoint Interim Co-Lead Counsel.

### CONCLUSION

I will deny Plaintiffs' Motion for Leave to File a Surreply because Defendants' Reply did not raise any new arguments. I find that discovery, including the Threshold Tasks, will pose a substantial burden on Defendants due to the number of people and entities involved and the length of the period at issue. On the other hand, the potential prejudice to Plaintiffs is minimal because the risk of loss of evidence is mitigated by Defendants' litigation hold. Further, the interests of the Court, the public, and third parties are served by a stay of discovery because it will prevent needless expenditure of resources, time, and money if the Motion to Dismiss is not denied. Balancing these factors, I find that a stay of discovery as outlined above pending a decision on Defendants' Motion to Dismiss is appropriate and conducive to a "just, speedy, and inexpensive" resolution of this

case. Fed. R. Civ. P. 1. Finally, Plaintiffs' Motion to Appoint Interim Co-Lead Counsel is premature because there are no overlapping or duplicative cases and no attorneys competing for appointment.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that Plaintiffs' Motion for Leave to File a Surreply [Doc. 46] be **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery [Doc. 39] be **GRANTED.**

**IT IS FURTHER ORDERED** that all discovery be **STAYED** until further order of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Appoint Interim Co-Lead Counsel [Doc. 36] be **DENIED** without prejudice.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

13