## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

OTHART DAIRY FARMS, LLC, PAREO
FARM, INC., PAREO FARM II, INC.,
DESERTLAND DAIRY, LLC, DEL ORO
DAIRY, LLC, BRIGHT STAR DAIRY, LLC,
and SUNSET DAIRY, LLC, individually and
on behalf of all others similarly situated,

        Plaintiffs,

v.                                 No. 2:22-cv-0251 MIS/DLM

DAIRY FARMERS OF AMERICA, INC.,
SELECT MILK PRODUCERS, INC., and
GREATER SOUTHWEST AGENCY,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court on the parties' position statements regarding bifurcated discovery. (Docs. 106–07; 111; 114.) Although the Court's Scheduling Order (Doc. 100) will stand as is, the Court enters this order to clarify that the parties will be allowed generous merits discovery relevant to the Rule 23 analysis. Of course, the Court also remains free to reevaluate and reconsider this decision as discovery proceeds.

      In deciding whether to bifurcate class and merits discovery, courts consider "(1) overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice likely to flow from the grant or denial of a stay of class discovery." *Klassen v. SolidQuote LLC*, No. 23-CV-00318-GPG-NRN, 2023 WL 5497865, at *2 (D. Colo. Aug. 23, 2023) (quoting *Pavelka v. Paul Moss Ins. Agency, LLC*, No. 1:22 CV 02226, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)); *see also Armendariz v. Santa Fe Cnty. Bd.*

*of Comm'rs*, No. 17CV339-WJ-LF, 2018 WL 487300, at *1 (D.N.M. Jan. 18, 2018) (considering expediency, economy, and severability).

Here, both parties argue that their preferred method of discovery (bifurcated or not) will result in less prejudice, lower costs, and a shorter certification period. (*See* Docs. 106 at 2, 9–10; 108 at 6, 12–13.) They agree that class-related discovery will overlap to some extent with merits-related discovery, particularly in the discussion of Rule 23(b)(3)'s predominance inquiry. (*See* Docs. 106 at 4–5; 108 at 11.) Plaintiffs outline two categories of issues (market power and antitrust impact) in which class-certification and merits discovery will be impractical to separate. (*See* Doc. 106 at 4–7.) The parties will be allowed liberal discovery in these areas for class-certification purposes. The undersigned finds that phasing discovery will enable the Court to decide the class-certification question earlier than if the parties were to engage in merits discovery at the same time. The Court believes that phasing discovery will not have a significant impact on judicial economy and will not unduly lengthen the process, as the parties have already requested regular discovery conferences.

The Manual for Complex Litigation, which both parties cite favorably, "suggests that the prime considerations in whether bifurcation is efficient and fair include whether merits-based discovery is sufficiently intermingled with class-based discovery and whether the litigation is likely to continue absent class certification." *In re Plastics Additives Antitrust Litig.*, No. CIV.A. 03-2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004); *see also* 21.14. Precertification Discovery, Ann. Manual Complex Lit. § 21.14 (4th ed.) ("in cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden"). In that spirit, the Court asked Plaintiffs to answer "whether litigation is likely to continue absent class certification."

(Doc. 109.) In response, Plaintiffs assert that their "claims and those of the class are linked: the same common proof is needed to vindicate both" and "the discovery necessary . . . will not be meaningfully different even if Plaintiffs were to decide today that they would proceed only in individual actions." (Doc. 111 at 2.) Defendants contend that Plaintiffs' assertion falls short of a straightforward response, most likely because Plaintiffs previously stated that "absent a class action, it would not be feasible for Class members to seek redress . . . ." (Doc. 114 at 2 (quoting Doc. 1 ¶ 208).) Given the circumstances, the Court finds that the cost of full-blown merits discovery, particularly where it is not abundantly clear that Plaintiffs will continue with this lawsuit if the class is not certified, poses a significant risk of prejudice.

The Court acknowledges the age of the case and agrees that class versus merits-related discovery disputes have the potential to waste more resources than bifurcation is worth. The Court will attempt to strike a balance by allowing the parties generous discovery parameters.

Moreover, should the parties disagree about whether discovery is class-certification or merits-related, the Court highly encourages the parties to call chambers for an informal discovery conference. This practice will help move discovery along without the cost of motion practice. [1]

**IT IS SO ORDERED.**

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

---

[1] If this matter becomes significantly burdened by discovery motions, the Court will require the parties to request an informal discovery conference before filing discovery motions. *See* Fed. R. Civ. P. 16(b)(3)(B)(v) (permitting a scheduling order to "direct that before moving for an order relating to discovery, the movant must request a conference with the court"); *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (stating that district courts possess "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).