IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OTHART DAIRY FARMS, LLC; PAREO
FARM, INC.; PAREO FARM II, INC.;
DESERTLAND DAIRY, LLC; DEL ORO
DAIRY, LLC; BRIGHT STAR DAIRY, LLC;
and SUNSET DAIRY, LLC; individually and
on behalf of all others similarly situated,

       Plaintiffs,

v.                                                              No. 2:22-cv-0251 MIS/DLM

DAIRY FARMERS OF AMERICA, INC.;
SELECT MILK PRODUCERS, INC.; and
GREATER SOUTHWEST AGENCY,

       Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART MOTION TO RECONSIDER DISCOVERY BIFURCATION
ORDER AND GRANTING MOTION TO SUSPEND DEADLINES**

THIS MATTER is before the Court on Plaintiffs' Motion to Reconsider the Discovery Bifurcation Order and to Compel Defendants to Properly Respond to Plaintiffs' Requests for Production (Doc. 150), and Plaintiffs' Opposed Motion to Suspend Certain Deadlines (Doc. 163). For the reasons outlined in this Opinion, the Court will **GRANT IN PART** the Motion to Reconsider and **GRANT** the Motion to Suspend.

**I.      Relevant Background**

Plaintiffs, all New Mexico dairy farmers, filed this putative class action lawsuit on April 4, 2022, and allege that Defendants, who are non-profit dairy cooperatives and associated entities, "have conspired in violation of the Sherman Act to suppress pay to dairy farmers." (*See* Doc. 1 at 4.[1]) Defendants moved to dismiss on May 31, 2022, and the Court stayed discovery while the

---

[1] Unless otherwise specified, the Court cites to the CM/ECF pagination of all documents.

motion was pending. (*See* Docs. 38–39; 50.) The Court denied the motion to dismiss on March 11, 2024 (Doc. 71), and the undersigned held a Rule 16 Scheduling Conference on April 17, 2024 (Docs. 99–100).

The Court entered a Scheduling Order that bifurcated discovery into class certification discovery and merits discovery. (*See* Docs. 100; 117.) The Court stated that "the parties will be allowed generous merits discovery relevant to the Rule 23 analysis." (Doc. 117 at 1.) Since that time, the Court has held regular discovery status conferences with the parties in an effort to help manage discovery needs as they arose. (*See* Docs. 102; 136; 141; 152.)

On March 25, 2024, prior to the Scheduling Conference, Plaintiffs served Requests for Production (RFPs) on Defendants. (*See* Doc. 150 at 8; *see also* Doc. 151 at 2 (noting that the RFPs are dated March 22, 2024, and "served effective March 25, 2024").) Defendants served Amended Responses and Objections to the RFPs on June 24, 2024. (*See* Docs. 151-2 at 81; 151-3 at 48.) On July 25, 2024, the Court held a discovery status conference with the parties "to resolve questions regarding 11 subpoenas Plaintiffs sent to non-parties." (Doc. 136 at 1.) The parties disagreed about whether the subpoenas were relevant to class certification, merits, or both. (*See id.* at 1, 3.) The Court reviewed the subpoenas and found that many of the questions did not "go to class [certification issues] at all . . . ." (*See id.*) Plaintiffs later informed the Court that they "suspended" the non-party subpoenas "while counsel for the parties conduct party discovery issues." (*See* Doc. 141 at 2.) "On August 12, 2024, before Plaintiffs offered limited modifications to the [RFPs], and in an effort to resolve their objections, Defendants voluntarily agreed to produce" materials that Defendants decided were "class-related." (*See* Doc. 156 at 9 (citation omitted).) On August 13, 2024, the parties reported that they were continuing to discuss Plaintiffs' requests for production. (*See* Doc. 141 at 2.) On August 27, 2024, via a letter to counsel, Plaintiffs agreed to make

2

temporary changes (until the litigation proceeds to merits discovery) to the RFPs by amending 18 of the 48 requests, suspending seven other requests, and offering to suspend four other requests if Defendants agreed to other amended requests. (*See* Doc. 156 at 10 (citing Doc. 151-4).)

On October 16, 2024, Plaintiffs filed a motion to reconsider the Court's Bifurcation Order and to compel responses to their requests for production. (Doc. 150.) On October 17, 2024, the parties confirmed their continued dispute about Plaintiffs' RFPs during a regular discovery conference with the Court. (*See* Doc. 152 at 3.) On November 19, 2024, Plaintiffs moved to suspend all future deadlines because they were impacted by the ongoing discovery disputes. (Doc. 163.) The parties have met and conferred several times since the reconsideration motion was filed but have been unable to come to an agreement on the discovery disputes. (*See* Doc. 174 at 2.)

## II.  Legal Standards

### A.  Motions to Reconsider

Pursuant to Federal Rule of Civil Procedure 54(b), the Court enjoys "general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'" *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)). Rule 54(b) "puts no limit or governing standard [on] the district court's ability to do so, other than that it must do so before the entry of judgment." *Med Flight Air Ambulance, Inc. v. MGM Resorts Int'l*, No. 17-CV-0246 WJ/KRS, 2018 WL 1997292, at *5 (D.N.M. Apr. 27, 2018) (quoting *Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015)) (internal quotation marks omitted)). The Court may, for example, grant a motion to reconsider where there has been "a significant change in controlling law" or "new evidence . . . that was previously unavailable," or where there is a "need to correct clear error or prevent manifest injustice." *Apex Collision Ctr. Clovis, LP v. Sec. Nat'l Ins. Co.*, No. 21-cv-0841, 2024

WL 1514185, at *1 (D.N.M. Apr. 8, 2024). "A motion to reconsider does not permit a party to 'reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.'" *Szuszalski v. Fields*, No. 19-cv-250 RB/CG, 2020 WL 553862, at *3 (D.N.M. Feb. 4, 2020) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

### B.     Motions to Compel

A party may move for an order to compel discovery under Federal Rule of Civil Procedure 37(a) after providing notice and conferring or attempting to confer in good faith with the other party. Fed. R. Civ. P. 37(a)(1). "The party moving to compel discovery has the burden of proving the opposing party's answers [are] incomplete." *City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 5207098, at *7 (D.N.M. Nov. 9, 2021) (quoting *Duran v. Donaldson*, No. 1:09-cv-758 BB/DJS, 2011 WL 13152655, at *2 (D.N.M. June 2, 2011)) (citing *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976)).

### III.    The parties shall cease filing multiple, separate exhibits and shall review and follow the Local Rules.

The Court notes that the parties submitted the following:

- Plaintiffs' Motion (Doc. 150): 36 pages[2]
    - Plaintiffs' Declaration and Exhibits (Doc. 151): 259 pages
- Defendants' Response and Exhibit (Doc. 156): 61 pages
    - Defendants' Declaration (Doc. 157): 6 pages
    - Defendants' Declaration (Doc. 158): 3 pages

---

[2] Plaintiffs did not exceed the maximum number of pages, as this brief's page count includes a Table of Contents, Table of Authority, signature, and Certificate of Service pages. (*See* Doc. 150.) Plaintiffs' counsel should review this district's Local Rules, however, as they do not require litigants to include a Table of Contents or Table of Authority. *See generally*, D.N.M. LR-Civ.

- - o   Defendants' Declaration and Exhibits (Doc. 159): 23 pages
  - o   Defendants' Declaration (Doc. 160): 3 pages
- Plaintiffs' Reply (Doc. 170): 19 pages
  - o   Plaintiffs' Declaration and Exhibits (Doc. 171): 41 pages

The Court was then left to sift through a blizzard of filings totaling 451 pages. Further, the parties cite to exhibits in their briefs as "____ Declaration, Ex. ___" (*see* Docs. 150 at 3 n.5), "_____ Dec. ¶ __" (Doc. 156 at 7), or "P. Ex. D" (*see id.* at 1). The Court wasted valuable time and resources trying to locate exhibits using the parties' murky citations. Going forward in this lawsuit, counsel ***shall*** attach all exhibits to the brief and may not submit multiple, separate documents as exhibits. The Court also directs counsel to refer to exhibits with a document number and pinpoint citation (i.e., Doc. 151-5 at 3 or 152-4 ¶ 4).

The Court further notes that the parties generally have not complied with the provision of D.N.M. LR-Civ. 10.5 that directs parties to attach only the pages of an exhibit that are relevant to the motion, or to the provision of D.N.M. LR-Civ. 10.6 that directs counsel to mark relevant portions of exhibits. Finally, although the parties did comply with the directive in D.N.M. LR-Civ. 10.5 that allows counsel to agree to exceed page limits, the Court finds that the parties' submissions here were inordinate and violated the spirit of that rule. Going forward in this lawsuit, counsel ***shall*** seek approval of the Court for *any* extension of page limits to briefs (*see* D.N.M. LR-Civ. 7.5), or if they anticipate needing to submit more than 75 pages of exhibits.

**IV.   The Court will rescind the Bifurcation Order and enter a new scheduling order.**

Plaintiffs contend that "[d]iscovery has essentially ground to a halt in this matter" because the parties cannot agree "on what is class and what is merits discovery . . . ." (Doc. 150 at 7.) Consequently, Plaintiffs argue, the Court should rescind its Bifurcation Order and allow both class

5

and merits discovery to occur simultaneously. Plaintiffs argue that the blame for the breakdown in discovery should be firmly placed on Defendants' shoulders. (*See id.* at 15–16.) The Court disagrees with this contention. In the nine months since Plaintiffs first served the RFPs at issue here, the Court has held three discovery conferences in which the parties could have sought the Court's assistance on these issues. (*See* Docs. 136; 141; 152; *see also* Doc. 117 at 3 (noting that if "the parties disagree about whether discovery is class-certification or merits-related, the Court highly encourages the parties to call chambers for an informal discovery conference").) On July 25, 2024, for example, the Court expressed its opinion that several of the subpoenas Plaintiffs issued to non-parties contained questions that did not involve class certification at all. (Doc. 136 at 2.) These requests are, in part, similar to the RFPs served on Defendants. For example, and without performing an exhaustive comparison, Plaintiffs' RFP Nos. 1, 2, 9, 17, and 19 to Defendant DFA directly correspond to Request Nos. 1, 3, 4, 7, and 8 in the subpoena issued to non-party Portales Dairy Products, LLC. (*See* Docs. 151-1 at 16–17, 20–21, 23–24; 159-1 at 5–6, 7–8.) Despite the Court's comments regarding the wayward subpoenas, Plaintiffs waited an additional month before offering to narrow their RFPs to Defendants. (*See* Doc. 151-4 at 2 (Aug. 27, 2024 letter).)

Lastly, at the August 13, 2024 regular discovery status conference, the Court offered to conduct an informal discovery conference on the parties' disagreements regarding the RFPs, but "Plaintiffs stated that they would prefer to file a motion rather than proceed informally if the parties arrive at an impasse." (Doc. 141 at 2.) Plaintiffs filed their formal discovery motion prior to the third regular discovery conference. (*See* Doc. 152 at 1.) The Court cannot comprehend why Plaintiffs specifically requested *monthly* status conferences to help move discovery along (*see* Doc. 92 at 22), yet when given the option to receive informal assistance with discovery disputes,

6

Plaintiffs declined the Court's offer to help and instead chose the more litigious and costly option of formal briefing and an in-person hearing. This is, of course, Plaintiffs' prerogative. Plaintiffs may not spin this history, however, to disavow any responsibility for the protracted dispute.

Having said that, the Court tends to agree with Plaintiffs' characterization that Defendants have attempted to act "as the sole arbiters of class/merits questions, repeatedly refusing to produce documents in response to obviously relevant Requests . . . ." (Doc. 150 at 16.) Defendants' responses fall short of the liberal discovery the Court stated would be allowed on class certification issues. (Doc. 117 at 2.) In short, the Court finds both parties have dragged their feet on this discovery dispute: Defendants by having an unnecessarily narrow definition of class-related discovery, and Plaintiffs by seeking merits-related discovery in violation of the bifurcation order and by refusing to utilize the Court's repeated offers to help.

The Court implemented bifurcated discovery in part to lower costs and move the class certification period forward smoothly to reduce prejudice to the parties. (*See* Doc. 117 at 2.) As outlined above, however, the attorneys in this lawsuit have been unwilling to work together, with or without the Court's assistance, and bifurcation has not garnered the intended effects. Moreover, the attorneys' inflexibility has impeded judicial economy. Accordingly, the Court will exercise its discretion to reconsider its interlocutory order and will rescind the bifurcation order. Discovery on both class certification and merits will now proceed simultaneously.

The Court will **VACATE** both the January 16, 2025 telephonic discovery conference and the January 23, 2025 in-person motion hearing. Instead, the parties shall use these two dates as opportunities to meet and confer and draft a new Joint Status Report with suggested deadlines as well as limits concerning written discovery and depositions. The parties shall submit the Joint Status Report no later than **January 31, 2025**. Consequently, the Court also grants the motion to

suspend deadlines pending a new scheduling order. (Doc. 163.) The Court will hold a telephonic scheduling conference on **February 13, 2025, at 1:00 p.m. MST**.

The Court will deny Plaintiffs' request to compel discovery responses as moot. Because of the change this Opinion brings to discovery parameters, Plaintiffs shall withdraw, amend, and re-serve their discovery requests on Defendants *after* the February scheduling conference.[3] At the scheduling conference, the parties should be prepared to discuss and resolve any overarching discovery disputes that remain after this Opinion, such as geographic scope.

Finally, the Court provides this word of warning to counsel: although the Court understands there are disagreements in litigation, counsel in this matter have been contentious every step of the way. Moving forward, the Court will require the parties to make an authentic effort to use the resources available—i.e., to genuinely engage during regular discovery status conferences and to utilize the Court's assistance through informal discovery hearings—prior to filing discovery motions. If there is a discovery dispute that cannot be resolved through regular discovery status conferences or informal discovery hearings, the Court will set formal discovery motions for in-person hearings in Las Cruces, and lead counsel will be required to appear.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration of the Discovery Bifurcation Order and to Compel Defendants to Respond (Doc. 150) is **GRANTED IN PART**: the Court rescinds the Bifurcation Order (Doc. 117) and denies as moot the request to compel discovery responses.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Suspend Certain Deadlines (Doc. 163) is **GRANTED**.

---

[3] Plaintiffs should not treat this change as an opportunity to expand their discovery requests, as the original requests went to both class and merits discovery.

**IT IS FURTHER ORDERED** that the January 16, 2025 and January 23, 2025 settings are **VACATED**.

**IT IS FURTHER ORDERED** that the parties shall file a new Joint Status Report no later than **January 31, 2025**. The Court will hold a scheduling conference **February 13, 2025, at 1:00 p.m. MST**. Counsel shall call 855-244-8681 and use access code 2314 983 7724 to be connected.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE