# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| OTHART DAIRY FARMS, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAIRY FARMERS OF AMERICA, INC., *et al.*, <br><br> Defendants. | Case No. 22-cv-00251-SMD-DLM |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DAIRY FARMERS OF AMERICA, INC. AND SELECT MILK PRODUCERS, INC.,
AND APPROVAL OF A CLAIMS PROCESS AND NOTICE PLAN**

Upon consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlements with Dairy Farmers of America, Inc. and Select Milk Producers, Inc., and Approval of a Claims Process and Notice Plan (Doc. 203) and pursuant to the Order Referring the Motion to the undersigned (Doc. 211), it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Court finds that the proposed settlements with Dairy Farmers of America, Inc. ("DFA") and Select Milk Producers, Inc. ("Select"), as set forth respectively in the written Settlement Agreements between Plaintiffs and DFA, and Plaintiffs and Select, have been negotiated at arm's length and are sufficiently fair, reasonable, and adequate to authorize dissemination of notice of the Settlement Agreements to the Settlement Class defined below.

3. Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used as defined in the Settlement Agreements.

1

4.     The Court hereby certifies the following Settlement Class for the purposes of the Settlement Agreement:

> All dairy farmers, whether individuals or entities, who produced Grade A milk and sold Grade A milk independently or directly or through an agent to Defendants, DFA and Select, within DFA's Southwest Area region, composed of all of New Mexico, most of Texas (except the far eastern part of that state), the eastern portion of Arizona, the Oklahoma panhandle, and southwestern Kansas, from January 1, 2015, through June 30, 2025.

5.     The Settlement Class excludes: Select and any of its management officers, management, employees, subsidiaries, or affiliates, legal counsel, heirs or assigns; DFA and any of its management officers, management, employees, subsidiaries, or affiliates, legal counsel, heirs or assigns; any entity in which any Defendant has a financial interest; all governmental entities; any judicial officer presiding over this action, and the members of his or her immediate family and judicial staff; and any other Defendant or co-conspirator identified in this action.

6.     The Court finds that the Settlement Class fully complies with the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court finds that (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; and (4) the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Additionally, the Court finds that questions of law or fact common to the Settlement Class members predominate over any questions that may affect only individual members, and that a class action is superior to all other available methods for fairly and efficiently adjudicating the controversy.

7.     The Court appoints the following Named Plaintiffs as class representatives of the Settlement Class: Othart Dairy Farms, LLC, Pareo Farm, Inc., Pareo Farm II, Inc., Desertland Dairy, LLC, Del Oro Dairy, LLC, Bright Star Dairy, LLC, and Sunset Dairy, LLC.

8. The Court appoints the following law firms (which currently serve as Interim Co-Lead Counsel) as Settlement Class Counsel: Lockridge Grindal Nauen PLLP; Hagens Berman Sobol Shapiro LLP; and Scott + Scott LLP.

9. The Court appoints A.B. Data, Ltd. as the Settlement Administrator to effectuate and administer the Notice Plan delineated in the Declaration of Tracy Hanson and the exclusion process for opt-outs, and to effectuate and administer the claims process for members of the Settlement Class. (S*ee* Doc. 209 (Declaration of Tracy Hanson in Support of Settlement Notice Plan ("Hanson Declaration").)

10. The Court appoints Huntington Bank to serve as Escrow Agent.

11. The Court approves the establishment of escrow accounts, as set forth in the Settlement Agreements, as "Qualified Settlement Funds" pursuant to Treas. Reg. § 1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Settlement Class Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, and notice and administration costs, as set forth in the Settlement Agreements.

12. The Court approves the method of Notice to be provided to the Settlement Class as described in the Settlement Agreement and in the Notice Plan delineated in the Hanson Declaration, including use of the long-form notice, summary notice, and publication notice substantially in the form attached as Exhibits 1, 2, and 5 to the Hanson Declaration. The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class that would be bound by the Settlement Agreement and to apprise them of the Action, the terms and conditions of the Settlement Agreement, their right to opt-out and be excluded from the Settlement

Class, and to object to the Settlement Agreement; and (b) meets the requirements of Rule 23 and due process. Non-substantive changes, such as typographical errors, can be made to the Class Notice Documents by agreement of the parties without leave from the Court.

14. Consistent with the Notice Plan, the Court directs the Settlement Administrator, as soon as practicable following the Court's entry of this Preliminary Approval Order, but before publication or dissemination of the summary notice, to establish a case website, post office box, and toll-free telephone line for providing notice and information to members of the Settlement Class and receiving opt-out requests and other filings or communications from members of the Settlement Class. The Settlement Administrator is further hereby directed to cause the banner ad (Doc. 209-5) to be published in *Southwest Farm Press*, *Dairy Herd Management, Progressive Dairy*, and *Hoard's Dairyman*. Comparable alternative publications relevant to the Settlement Class may be used if any of these publications will not accept such ads or if advertising space or inventory are not available at the time the advertisements are placed.

## Schedule of Class Notice and Final Approval Hearing

14. The Court hereby sets the schedule below for the dissemination of notice to the Settlement Class; for Settlement Class members to object to or request exclusion from the Settlement; the timing for and hearing of Class Counsel's motion for an interim payment of attorneys' fees, expenses, and class representative service awards; and the Court's Fairness Hearing to determine whether the Settlement Agreement is fair, reasonable, and adequate, and whether it should be finally approved by the Court. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the Website posting, the Parties will not be required to provide

4

any additional notice to Settlement Class members. The hearing may take place remotely, including via telephone or video conference.

| **DATE** | **EVENT** |
|---|---|
| 10 days after the filing of this Motion for Preliminary Approval | Defendants DFA and Select each shall file via ECF confirmation of its provision of notice to government regulators pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(d) |
| 14 days after the entry of the Preliminary Approval Order | Settlement Administrator to commence direct mail and email notice, and commence implementation of publication notice plan |
| 14 days before the last day for Settlement Class Members to request exclusion from the Settlement Class | Class Counsel to file petition seeking payment of attorneys' fees, expenses, and named representative service awards |
| 60 days after the commencement of the Notice | Last day for Settlement Class Members to: (1) request exclusion from the Settlement Class; (2) file claim or audit request forms, (3) file objections to the Settlement, (4) file objections to the motion for an interim payment of attorneys' fees, current and ongoing expenses, and service awards; or (5) file notices to appear at the Fairness Hearing |
| 7 days after last day to request exclusion from the Class | Settlement Class Counsel to provide DFA and Select with a list of all persons and entities who have timely and validly requested exclusion from the Settlement Class |
| 14 days before the Fairness Hearing | Class Counsel shall file a motion for Final Approval of the Settlements and all supporting papers, update the Court regarding the status of the claims process, and Class Counsel and Defendants may respond to any objections to the proposed settlements.<br><br>Class Counsel shall file an update with the Court regarding any objections to the request for an interim payment of attorneys' fees, current and ongoing expenses, and service awards. |
| 40 days after the last day to request exclusion from the Settlement Class or | Hearing regarding (1) Final Approval of the Settlements,[1] (2) motion for payment of attorneys' fees, current and ongoing expenses, and service awards, and (3) status of claims process. |

---

[1] Under CAFA, the Court may not issue an order giving final approval of a proposed settlement earlier than 90 days after the later of the dates on which the appropriate Federal official and the

| | |
|---|---|
| as soon thereafter as may be heard by the Court | |

### Other Provisions

15.     If the Settlement Agreements are terminated or rescinded in accordance with their provisions, then the Settlement Agreements shall become null and void, except insofar as expressly provided otherwise in the Settlement Agreements, and without prejudice to the status quo ante rights of Plaintiffs, Defendants, Released Parties, and members of the Settlement Class. The parties shall also comply with any terms or provisions of the Settlement Agreements applicable to termination or rescission, or the Settlement Agreements otherwise not becoming Final.

16.     This litigation is hereby stayed except as necessary to effectuate the Settlement Agreements or as otherwise agreed to by the settling parties.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

---

appropriate State official are served with notice of these proposed Settlements. *Id*. at § 1715(d). Under the Settlement Agreements, within ten days of the filing of this motion, DFA and Select will serve upon the appropriate state officials and the appropriate federal official the CAFA notice required by Section 1715(b). This schedule will allow the Court to schedule a Fairness Hearing as DPPs propose in the schedule above, in conformance with CAFA's requirements.