UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| OTHART DAIRY FARMS, LLC, *et al.*, | No. 2:22-cv-00251 SMD/DLM |
| Plaintiffs, | |
| v. | |
| DAIRY FARMERS OF AMERICA, INC., *et al.*, | |
| Defendants. | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION RE: MOTION FOR PAYMENT OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, ESTABLISHMENT OF A FUTURE EXPENSE FUND, AND CLASS REPRESENTATIVE SERVICE AWARDS**

THIS MATTER is before the Court on the Class Plaintiff's Unopposed Motion and Memorandum in Support of Motion for Payment of Attorneys' Fees, Reimbursement of Litigation Expenses, Establishment of a Future Expense Fund, and Class Representative Service Awards. (Doc. 220.) The undersigned held a hearing on the motion on November 12, 2025. (Doc. 222.) Having considered the unopposed motion and noting that no class member has filed an objection, the undersigned finds that the payment of attorneys' fees, reimbursement of litigation expenses, future expense fund, and disbursement of service awards are appropriate under Federal Rules of Civil Procedure 23(h) and 54(d)(2) and recommends the Court **GRANT** the motion.

**I.      Attorneys' Fees**

1.      The Motion seeks an award of attorneys' fees in an amount not to exceed 33 1/3% of the gross settlement fund, plus interest, from the settlements reached with Dairy Farmers of America, Inc. (DFA) and Select Milk Producers, Inc. (Select). The undersigned recommends

**GRANTING** this request because the amount is fair and reasonable under the percentage-of-the-fund method, which is confirmed by a lodestar "cross-check," and it is within the range allowed by courts in this District. (*See, e.g.*, Doc. 220 at 10 (gathering cases).)

2. The Tenth Circuit has expressed a preference for awarding attorneys' fees using the percentage-of-the-fund method for counsel representing classes in class action litigation. *See Voulgaris v. Array Biopharma, Inc.*, No. 22-1003, 60 F.4th 1259, 1263 (10th Cir. Feb. 27, 2023) (citing *Chieftain Royalty Co. v. Enervest Energy Inst. Fund XIII-A, L.P.*, 888 F.3d 455, 458 (10th Cir. 2017)).

3. When using the percentage-of-the-fund approach, the Tenth Circuit has "recognized the applicability of the *Johnson* factors": (1) the time and labor required; (2) the novelty and difficulty of the question presented by the case; (3) the required skills to perform the legal service; (4) preclusion of attorneys' employment in other cases; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances of the case; (8) the recovery obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the attorneys' professional relationship with the client; and (12) awards from similar cases. *See id.*; *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). When applied here, these factors indicate that the fee requested was fair.

    a. <u>The Time and Labor Required</u>. Co-Lead Counsel undertook significant work in this case, even prior to filing the Complaint. Co-Lead Counsel hired experts to research the allegations, litigated discovery, and engaged in robust settlement discussions with Defendants. (*See* Doc. 22 at 13.) This factor supports the award of attorneys' fees.

b. <u>The Novelty and Difficulty of the Case.</u> This case presented relatively novel issues related to dairy cooperative members suing their own cooperatives. The case also presented a high degree of difficulty for all parties, as is typical of complex class action antitrust cases. This factor supports the award of attorneys' fees.

c. <u>The Skill Required to Perform the Legal Services.</u> Due to the case's novelty and difficulty, it required litigation by highly skilled attorneys. Attorneys for both the Class and Defendants had to have a comprehensive understanding of antitrust law in order to meaningfully engage in discovery, motion practice, and settlement negotiations. Such was the case here. This factor supports the award of attorneys' fees.

d. <u>Preclusion of Attorneys' Employment in Other Cases.</u> Due to the complexity and time consumption of this case, Class Counsel were precluded from pursuing other cases. (*See* Doc. 220 at 9–10.) This factor supports the award of attorneys' fees.

e. <u>The Customary Fee.</u> The requested fee of 33 1/3% is customary in common-fund antitrust cases and generally accepted in the Tenth Circuit. *See Bhasker v. Fin. Indem. Co.*, No. 1:17-cv-0260 KWR/JHR, 2023 WL 4534548, at *2 (D.N.M. July 13, 2023) (noting that in general, "cases in this district have awarded amounts varying between 20 to 40 percent"); *In re Syngenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094, 1115 (D. Kan. 2018) (finding one-third fee is customary and that the figure is often higher in complex cases). Because the requested fee falls within the range of what is customary in similarly complex class action cases, this factor supports its award.

f. <u>Whether the Fee Is Fixed or Contingent.</u> From this case's inception, Class Counsel

sought fees on a contingency basis. (*See, e.g.*, Doc. 220-1 ¶ 24.) Such an agreement comes with risks, as there was always a risk of nonpayment should the litigation be unsuccessful. *See In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 625 F. Supp. 2d 1143, 1150 (D. Colo. 2009) ("A contingent fee, and the potential for a relatively high fee, is designed to reward counsel for taking the risk of prosecuting a case without payment during the litigation, and the risk that the litigation may be unsuccessful."). Class Counsel's pursuit of this case on a contingency-fee basis minimized the financial risk to the Class and supports granting the requested attorneys' fees.

g. <u>Time Limitations Imposed by the Client or Circumstances of the Case.</u> The Complaint in this case was filed in April 2022. This case was at a stand-still until the Court denied Defendants' Motion to Dismiss in March 2024. Discovery in this case was protracted until the issue of bifurcated discovery was resolved. Were the Settlements not reached, the case would likely have continued some time. Such a lengthy litigation, though not atypical of complex antitrust cases, would put a strain on Class Representatives who were seeking more immediate relief. The time limitations and circumstances of this case, coupled with the Settlements reached, supports granting the requested attorneys' fees.

h. <u>The Recovery Obtained.</u> Co-Lead Counsel achieved significant monetary and conduct relief for the Class. The total financial recovery, $34.4 million, translates to pro rata shares for class members of approximately $48,000.00. Non-monetary relief included the dissolvement of the Greater Southwest Agency, which Plaintiffs alleged was the primary mechanism for the alleged conspiracy, and the

establishment of safeguards to ensure better management of DFA and Select moving forward. (*See* Doc. 220 at 12 (citations omitted).)Notably, Co-Lead Counsel are not seeking additional fees, beyond the 33 1/3% of the settlement fund, for the conduct relief they have obtained for the Class. The recovery obtained in these Settlements supports granting the requested attorneys' fees.

i. <u>The Experience, Reputation, and Ability of the Attorneys.</u> Co-Lead Counsel were all highly experienced, reputable, class action antitrust attorneys. They litigated this case against defense counsel with similar credentials. This factor supports the award of attorneys' fees.

j. <u>The Undesirability of the Case.</u> No other law firms brought, or attempted to bring, cases alleging the same antitrust conspiracy involving Southwest dairy cooperatives. (*See id.* at 13.) Nor was there a government investigation or suit from which Class Counsel could base their case upon. (*See id.* at 3.) The complexity, novelty, and financial liability of this case rendered it undesirable for other attorneys to pursue. This factor supports the award of attorneys' fees.

k. <u>The Nature and Length of the Attorneys' Professional Relationship with the Client.</u> Co-Lead Counsel did not have a prior professional relationship with the Class Representatives prior to the investigation and litigation of this case. (*See id.* at 14.) Once the relationship was established, Co-Lead Counsel maintained honest and professional communications with the Class Representatives. (*See id.*) This factor supports the award of attorney's fees.

l. <u>Awards from Similar Cases.</u> As stated above, the requested attorneys' fee of 33 1/3% of the gross settlement fund plus interest is comparable to fees in similar

5

complex class actions. Courts within the Tenth Circuit regularly award attorneys' fees from the gross settlement fund. *See, e.g., In Re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th at 1140 (upholding a fee award of one-third of the gross settlement amount); *Cisneros v. EP Wrap-It Insulation, LLC*, No. 2:19-cv-0500 GBW/GJF, 2022 WL 2304146, at *8 (D.N.M. June 27, 2022) (finding attorneys' fees in the amount of one-third of the gross settlement amount reasonable); *Candelaria v. Health Care Serv. Corp.*, No. 2:17-CV-0404 KG/SMV, 2020 WL 6875828, at *3 (D.N.M. Nov. 4, 2020) (granting class counsel's request for attorneys' fees amounting to 35% of the gross settlement amount). This factor supports the award of attorneys' fees.

4. Upon considering the *Johnson* factors, I find that an award of 33 1/3% of the Gross Settlement Fund, plus interest, is reasonable and warranted.

5. Although not required, courts may apply a lodestar "cross-check" on the reasonableness of the fee calculated as a percentage of the fund, "but the Tenth Circuit neither requires a lodestar cross-check nor prefers it to the percentage of the fund method." *See, e.g.*, *Cisneros*, 2022 WL 2304146, at *7 (citations omitted). A cross-check of the lodestar incurred by Class Counsel indicates that the fee requested constitutes fair and reasonable compensation for the risks assumed, the work done, and the benefits achieved for the members of the Class. (*See* Doc. 220 at 16–17.) The undersigned finds that Class Counsel's lodestar as of September 15, 2025, based on current hourly rates, is reasonable. Class Counsel's requested fee of 33 1/3% of the Gross Settlement Fund represents a multiplier of approximately 2.46. (*See id.* at 17.) This multiplier is reasonable considering the complexity of this litigation, the results achieved for Class members, and the risks assumed by Class Counsel. Class Counsel have continued to incur attorneys' fees

6

since September 15, 2025, which are not included in this lodestar calculation.

6. Attorneys' fees and expenses awarded by the Court (including any future expenses funds) shall be payable from the Settlement Fund immediately upon entry by the Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal or collateral attack on the Settlement Agreement or any part thereof. However, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, any attorneys' fees and expense award is overturned or reduced, or if the Settlement Agreement is terminated or is not approved by the Court, or if there is an appeal and any order approving the Settlement does not become final and binding upon the Settlement Class, then, within 30 days after receiving such an order from a court of appropriate jurisdiction, each Plaintiffs' Counsel law firm that has received an such fees or expenses shall refund to the Settlement Fund such funds previously paid to it, plus interest thereon at the same rate as earned on the Settlement Fund, in an amount consistent with such reversal or reduction. Each law firm that serves as Plaintiffs' Counsel, as a condition of receiving a portion of the attorneys' fees and expense award, on behalf of itself and each partner, shareholder, or member of it, agrees that the law firm and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this Paragraph.

7. Co-Lead Counsel are authorized to allocate the attorneys' fees awarded herein among counsel who performed work on behalf of the Class in accordance with Co-Lead Counsel's assessment of each firm's contribution to the prosecution of this litigation.

## Litigation Costs

8. The undersigned recommends **GRANTING** the requested reimbursement of $211,780.03, which is composed of: (1) $137,129.96 in expenses from this case's Litigation Fund

7

and (2) $74,650.07 in additional costs incurred by Class Counsel. (*See* Doc. 220-1 ¶ 29.)

9. It is customary for class counsel to be reimbursed for reasonable expenses incurred during litigation in a common-fund case, such as this case. *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 391–92 (1970). Reimbursable expenses include "expenses related to copying, court fees, postage and shipping, phone charges, legal research, and travel and transportation, as well as expenses for experts, document production and review, and mediation, which are typical of large, complex class actions . . . ." *Cecil v. BP Am. Prod. Co.*, No. 16-CV-0410 KEW, 2018 WL 8367957, at *9 (E.D. Okla. Nov. 19, 2018) (citations omitted). The expenses incurred in this case were reasonable and typical of large, complex class actions. As such, the request for reimbursement is appropriate.

## Future Expense Fund

10. The undersigned recommends **GRANTING** the requested establishment of a $15,000.00 fund to cover anticipated future expenses. (*See* Doc. 220 at 12.)

11. The future expense fund will be used to cover reasonably incurred costs by Class Counsel related to this case, such as the administration of this Settlement, preparation for future hearings, and other incidentals.

12. Counsel will provide an accounting of all such funds when they submit a motion for approval of a plan of distribution to the class. At that time, any unused portion of the future expenses fund will be added to any remaining settlement funds for a final distribution to the Settlement Class. (*See id.*)

## Service Awards

13. The undersigned recommends **GRANTING** the requested $100,000.00 service awards to each of the three named representative groups. (*See id.* at 21.) Courts routinely grant

service awards for named plaintiffs. *See Cecil*, 2018 WL 8367957, at *10 (collecting cases).

14.  Each of the Class Representative groups has remained apprised of the status of the litigation, actively participated in discovery including searching for and producing documents, and responding to written discovery, and engaged in other efforts necessary to fulfill their duties as Class Representatives. (*See* Doc. 220 at 19–21.) The Class Representative groups were subjected to a unique emotional strain related to this case, as they were suing cooperatives they were part-owners of. Some of the Class Representative groups lost their businesses as a result of the allegations in this case. Service awards also compensate representative plaintiffs who took on the risks and time involved in representing a class. *See UFCW Loc. 880-Retail Food Emps. Joint Pension Fund v. Newmont Min. Corp.*, 352 F. App'x 232, 235 (10th Cir. 2009) ("a class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class") (citations omitted). The requested $100,000.00 award is fair and reasonable when considering the number of hours the Class Representatives spent on the case, the years of litigation involved, and their willingness to step into the public eye, all done for the benefit of the Class. This award would also represent the only service award given to Class Representatives in this case, as the case will be resolved if Final Approval of the Settlements is granted.

15.  Co-Lead Counsel are authorized to pay from the Gross Settlement Fund $100,000.00 to each Class Representative group: (1) Jordan Pareo; (2) Othart Dairy Farms, LLC; and (3) Desertland Dairy, LLC, Del Oro Dairy, LLC, Bright Star Dairy LLC, and Sunset Dairy, LLC. Any service awards authorized by the Court may be paid only after the Date of Final Approval.

**IT IS HEREBY RECOMMENDED:**

16. Having considered the Motion and accompanying Memorandum, and based on all matters of record in this action, I recommend the Court:

   a. Award Class Counsel attorneys' fees in an amount not to exceed **$11,575,098.10**, which represents 33 1/3% of the DFA and Select Settlements, plus interest. (*See* Doc. 223.)

   b. Reimburse Class Counsel from the Gross Settlement Fund for reasonable costs and fees incurred from the initiation of this case through the present, in the amount of $211,780.03.

   c. Authorize the establishment of a future expense fund of $15,000.00 from the Gross Settlement Fund.

   d. Authorize service awards of $100,000 to each of the following Named Plaintiffs and Class Representative groups: (1) Jordan Pareo; (2) Othart Dairy Farms, LLC; and (3) Desertland Dairy, LLC, Del Oro Dairy, LLC, Bright Star Dairy LLC, and Sunset Dairy, LLC.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

                                                                                                                  _____
                                                                                                                  DAMIAN L. MARTINEZ
                                                                                                                  UNITED STATES MAGISTRATE JUDGE