UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| OTHART DAIRY FARMS, LLC, *et al.*, | Case No. 22-cv-00251 SMD/DLM |
| Plaintiffs, | |
| v. | |
| DAIRY FARMERS OF AMERICA, INC., *et al.*, | |
| Defendants. | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION RECOMMENDING THE COURT GRANT PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENTS WITH DAIRY FARMERS OF AMERICA, INC. AND SELECT MILK PRODUCERS, INC.**

The Court held a hearing on Plaintiffs' Unopposed Motion for Final Approval of the Settlements with Dairy Farmers of America, Inc. (DFA) and Select Milk Producers, Inc. (Select) on November 12, 2025. (*See* Doc. 223.) Having reviewed the motion, its accompanying memorandum, declarations, and exhibits, the Settlement Agreements, and all papers filed, the undersigned enters this Proposed Findings and Recommended Disposition (PFRD) and **RECOMMENDS** the Court enters the following order:

1.  The Court has jurisdiction over the subject matter of this Action and each of the parties to the Settlement Agreements, including all members of the Settlement Class, DFA, Greater Southwest Agency (GSA), and Select.

2.  For the purposes of this PFRD and the Order that rules on this PFRD, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreements.

1

3. The undersigned recommends appointing Lockridge Grindal Nauen PLLP, Hagens Berman Sobol Shapiro LLP, and Scott + Scott LLP as Co-Lead Counsel for the Settlement Class, pursuant to Federal Rule of Civil Procedure 23(g). (*See* Doc. 212 (Preliminary Approval Order) ¶ 8.) The undersigned recommends appointing the following class representatives for the Settlement Class: (1) Pareo Farm Inc. and Pareo Farm II, Inc., represented by Jordan Pareo; (2) Othart Dairy Farms, LLC, represented by Maurice and Laurent Othart; and (3) Desertland Dairy, LLC, Del Oro Dairy, LLC, Bright Star Dairy LLC, and Sunset Dairy, LLC, represented by Ed DeRuyter.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court affirms that the following Settlement Class has been certified solely for the purposes of the Settlements:

> All dairy farmers, whether individuals or entities, who produced Grade A milk and sold Grade A milk independently or directly or through an agent to Defendants, DFA and Select, within DFA's Southwest Area region, composed of all of New Mexico, most of Texas (except the far eastern part of that state), the eastern portion of Arizona, the Oklahoma panhandle, and southwestern Kansas, from January 1, 2015 through June 30, 2025.

(*See* Doc. 212 ¶ 4.) Specifically excluded from the Settlement Class are all Defendants, and any of their management officers, management, employees, subsidiaries, or affiliates, legal counsel, heirs or assigns, and any entity in which any Defendant has a financial interest, all government entities, any judicial officer presiding over this action, and the members of their immediate family and judicial staff, and any other co-conspirators.

5. The Court finds that, for Settlement purposes, the Settlement Class meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. (*See, e.g.*, Doc. 212.) As to the requirements of Rule 23(a), the Court expressly finds that (1) the Settlement Class certified herein numbers hundreds of entities, and joinder of all such entities would be impracticable; (2) there are questions of law and fact common to the Settlement Class; (3)

Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent for purposes of the settlement; and (4) Plaintiffs are adequate representatives of the Settlement Class. As to the requirements of Rule 23(b)(3), the Court expressly finds that the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class member, and that a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute.

6.  The undersigned recommends granting final approval of the Settlement Agreements and its terms and finds that the Settlements are, in all respects, fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23. (*See* Doc. 212 at 2; *see also* Doc. 221 at 6–14.) Further, the Court recommends directing consummation of the Settlement Agreements according to their terms and conditions.

7.  The Court recommends dismissing on the merits and with prejudice all claims in the Plaintiffs' action against all Defendants, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreements and Plaintiffs' Unopposed Motion for Payment of Attorneys' Fees, Reimbursement of Litigation Expenses, Establishment of a Future Expense Fund, and Class Representative Service Awards (ECF No. 220).

8.  Upon final Court approval, the releases set forth in Paragraphs 17, 18 and 30 of the DFA Settlement Agreement, and 15, 16 and 29 of the Select Settlement Agreement, are incorporated herein and the Releasing Parties shall, by operation of law, will be deemed to have released DFA, GSA, and Select from the Released Claims. All entities who are Releasing Parties or who purport to assert claims on behalf of the Releasing Parties will be forever barred and

enjoined from initiating, asserting, maintaining, or prosecuting, any and all Released Claims against the DFA Released Parties and Select Released Parties.

9. Upon final Court approval, the DFA Released Parties and Select Released Parties will be forever released and discharged with respect to any and all claims or causes of action which the Releasing Parties had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreements.

10. The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable efforts, was the most effective and practicable under the circumstances. (*See* Doc. 21 at 14–15.) This notice provided due and sufficient notice of proceedings and of the matters set forth therein, including the proposed Settlements and the proposed claims process, to all persons entitled to such notice. (*see id.*) This notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

11. No objections to the Settlements or to Plaintiffs' pending Unopposed Motion for Payment of Attorneys' Fees, Reimbursement of Litigation Expenses, Establishment of a Future Expense Fund, and Class Representative Service Awards (Doc.. 220) have been filed. (*See* Doc. 221 at 15.)

12. As set forth in the notice to the Settlement Class, Plaintiffs' pending Unopposed Motion for Payment of Attorneys' Fees, Reimbursement of Litigation Expenses, Establishment of a Future Expense Fund, and Class Representative Service Awards filed on September 30, 2025 (*see* Doc. 220) shall be decided separately from this Order.

13. The undersigned recommends the Court order that any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be

subject to and bound by the provisions of the Settlement Agreements, the Released Claims contained therein, and the final order with respect to all Released Claims, regardless of whether such members of the Settlement Class seek or obtain any distribution from the Settlement proceeds. No member of the Settlement Class submitted a timely or valid request to be excluded from the Settlement Class.

14. Without affecting the finality of this Final Judgment in any way, the undersigned recommends that the Court retain continuing, exclusive jurisdiction over: (a) consummation, administration, and implementation of the Settlement Agreements and any allocation or distribution to Settlement Class members pursuant to further orders from this Court; (b) disposition of the Settlements' proceeds; (c) hearing and determining applications by Co-Lead Counsel for attorneys' fees, costs, expenses, and interest; (d) the actions in this litigation until this Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlements; (f) the parties to the Settlement Agreements for the purpose of enforcing and administering the Settlement Agreements and the releases contemplated by, or executed in connection with, the Settlement Agreements; (g) the enforcement of this Final Judgment; and (h) over any suit, action, proceeding, or dispute arising out of relating to the Settlement Agreements or the applicability of the Settlement Agreements that cannot be resolved by negotiation and agreement.

15. DFA has served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715. (Doc. 214.)

16. Select has served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715. (Doc. 215.)

17.     The undersigned recommends that the Court find, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreements.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE