## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**OTHART DAIRY FARMS, LLC,** *et al.***,**

    **Plaintiffs,**

    **v.**                         **No. 2:22-cv-00251-SMD-DLM**

**DAIRY FARMERS OF AMERICA, INC.,** *et al.***,**

    **Defendants.**

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITIONS

This matter is before the Court on the Proposed Findings and Recommended Disposition (Doc. 224) recommending the Court grant Plaintiffs' Unopposed Motion and Memorandum in Support of Motion for Payment of Attorneys' Fees, Reimbursement of Litigation Expenses, Establishment of a Future Expense Fund, and Class Representative Service Awards (Doc. 220); and on the Proposed Findings and Recommended Disposition (Doc. 225) recommending the Court grant Plaintiffs' Unopposed Motion and Memorandum in Support of Motion for Final Approval of the Settlements with Dairy Farmers of America, Inc. and Select Milk Producers, Inc. (Doc. 221) (the "PFRDs"). The PFRDs notified the parties of their ability to file objections within 14 days and that failure to do so waives appellate review. *See* Doc. 224 at 10; Doc. 225 at 6. The parties filed a Joint Notice of Non-Objection to Proposed Findings and Recommended Disposition on November 12, 2025. Doc. 226.

The Court finds and orders as follows:

1.    The Court adopts all findings and affirmations in the PFRDs as well as all definitions contained in the DFA Settlement Agreement (*see* Doc. 205, Ex. 1) and Select Settlement

Agreement (*see* Doc. 205, Ex. 2) (collectively, the "Settlement Agreements"). *See* Doc. 224; Doc. 225.

2.      The Court finds that the requested attorneys' fees in an amount not to exceed $11,575,098.10, which represents 33 1/3 % of the DFA and Select Settlements, plus interest, is fair and reasonable and should be granted. *See* Doc. 224 at 1–7, 10.

3.      The Court finds that the expenses and costs incurred by Class Counsel have been reasonable and typical of large, complex class actions and grants the request for reimbursement of $211,780.03. *See id.* at 7–8, 10.

4.      The Court grants the requested establishment of a $15,000 fund from the Gross Settlement Fund to cover anticipated future expenses and directs Counsel to provide an accounting of all such funds when they submit a motion for approval of a plan of distribution to the class. *See id.* at 8, 10.

5.      The Court grants the requested $100,000 service awards to each of the three named representative groups: (1) Jordan Pareo; (2) Othart Dairy Farms, LLC; and (3) Desertland Dairy, LLC, Del Oro Dairy, LLC, Bright Star Dairy LLC, and Sunset Dairy, LLC. *See id.* at 8–10.

6.      The Court finds that it has jurisdiction over the subject matter of this action and each of the parties to the Settlement Agreements, including all members of the Settlement Class, DFA, Greater Southwest Agency, and Select. *See* Doc. 225 at 1.

7.      The Court appoints Lockridge Grindal Nauen PLLP, Hagens Berman Sobol Shapiro LLP, and Scott + Scott LLP as Co-Lead Counsel for the Settlement Class, pursuant to Federal Rule of Civil Procedure 23(g). *Id.* at 2. The Court further appoints the following class representatives for the Settlement Class: (1) Pareo Farm, Inc. and Pareo Farm II, Inc., represented by Jordan Pareo; (2) Othart Dairy Farms, LLC, represented by Maurice and Laurent Othart; and (3) Desertland

Dairy, LLC, Del Oro Dairy, LLC, Bright Star Dairy LLC, and Sunset Dairy, LLC, represented by

Ed DeRuyter. *See id.*

8.    The Court affirms that the following Settlement Class has been certified solely for

the purposes of the Settlements:

> All dairy farmers, whether individuals or entities, who produced Grade A milk and sold
> Grade A milk independently or directly or through an agent to Defendants, DFA and Select,
> within DFA's Southwest Area region, composed of all of New Mexico, most of Texas
> (except the far eastern part of that state), the eastern portion of Arizona, the Oklahoma
> panhandle, and southwestern Kansas, from January 1, 2015 through June 30, 2025.

*See id.* (citing Doc. 212 ¶ 4).  The Court excludes from the Settlement Class the individuals and

entities outlined in the PFRD.  *See id.*

9.    The Court hereby dismisses with prejudice all claims in the Plaintiffs' action against

all Defendants, with each party to bear its own costs and fees, including attorneys' fees, except as

provided in the Settlement Agreements and Plaintiffs' Unopposed Motion and Memorandum in

Support of Motion for Payment of Attorneys' Fees, Reimbursement of Litigation Expenses,

Establishment of a Future Expense Fund, and Class Representative Service Awards. *See id.* at 3

(citing Doc. 220).

10.    The releases set forth in Paragraphs 16, 17, and 30 of the DFA Settlement

Agreement, and 15, 16, and 29 of the Select Settlement Agreement, are incorporated herein and

the Releasing Parties shall, by operation of law, be deemed to have released DFA, Select, and

Greater Southwest Agency from the Released Claims.  All entities that are Releasing Parties or

that purport to assert claims on behalf of the Releasing Parties are hereby and forever barred and

enjoined from initiating, asserting, maintaining, or prosecuting any and all Released Claims against

the DFA Released Parties and Select Released Parties.

11.     The DFA Released Parties and Select Released Parties are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasing Parties had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreements.

12.     The Court notes that no objections to the Settlement Agreements or to Plaintiffs' Unopposed Motion and Memorandum in Support of Motion for Payment of Attorneys' Fees, Reimbursement of Litigation Expenses, Establishment of a Future Expense Fund, and Class Representative Service Awards have been filed. *See* Doc. 225 at 4. Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by the provisions of the Settlement Agreements, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such members of the Settlement Class seek or obtain any distribution from the Settlement proceeds. As no member of the Settlement Class submitted a timely or valid request to be excluded from the Settlement Class, all members of the Settlement Class are so bound.

13.     The Court hereby retains continuing, exclusive jurisdiction over: (a) consummation, administration, and implementation of the Settlement Agreements and any allocation or distribution to Settlement Class members pursuant to further orders from this Court; (b) disposition of the Settlement proceeds; (c) hearing and determining applications by Co-Lead Counsel for attorneys' fees, costs, expenses, and interest; (d) the actions in this litigation until this Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlements; (f) the parties to the Settlement Agreements for the purpose of enforcing and administering the Settlement

Agreements and the releases contemplated by, or executed in connection with, the Settlement

Agreements; (g) the enforcement of this Final Judgment; and (h) any suit, action, proceeding, or

dispute arising out of or relating to the Settlement Agreements or the applicability of the Settlement

Agreements that cannot be resolved by negotiation and agreement.

14.    The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil

Procedure, that judgment should be entered and further finds that there is no just reason for delay

in the entry of Final Judgment as to the parties to the Settlement Agreements.  Accordingly, the

Court enters this Order and Final Judgment.

IT IS SO ORDERED.

---

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**